UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD ALLAN WATTS and
LINDSAY LOPEZ,

    Plaintiffs,

    v.

U.S. DEPARTMENT OF JUSTICE, *et al.*,

    Defendants.

Civil Action No. 22-2146 (JEB)

## MEMORANDUM OPINION

*Pro se* Plaintiffs Edward Allan Watts and Lindsay Lopez, residents of Arkansas, have filed this largely incomprehensible suit against a score of Defendants, including federal and state government entities, officials, and family members. A number of Arkansas-related Defendants now move to dismiss on multiple grounds, including lack of personal jurisdiction. As those Defendants are not sufficiently connected to the District of Columbia, the Court will grant the Motion.

**I.    Background**

To fully describe the events that compose the basis of this action requires more powers than this Court can summon, as Plaintiffs catalog decades of incidents. A taste: Watts's older brothers "began feeding him tobacco and alcohol as part of the grooming process for sexual abuse"; when he spoke of it, one "retaliated by throwing a large rock at the plaintiff"; he was subjected to hypnotism, along with which "came atheism, witchcraft, satanism, and other indoctrination"; years later, police in Fort Smith, Arkansas, "were rude and abusive"; University of Arkansas officials were not responsive; prosecutors refused to investigate; and so forth. See

ECF No. 1 (Compl.) at ECF pp. 15, 18–21. Although there are a number of random references to the U.S. Code, no cause of action is specifically set forth. Plaintiffs nonetheless seek damages in the amount of $9,999,999,999.99. Id. at ECF p. 35.

Plaintiffs named 21 Defendants, including federal agencies, federal officials, state agencies, state officials, and other individuals. Given their failure to effect proper service, the Court previously dismissed half of the Defendants. See Minute Order of Dec. 8, 2022. Two current Motions to Dismiss from Arkansas-related Defendants now stand ripe. See ECF Nos. 9 & 12.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a suit if the court lacks personal jurisdiction over it. The plaintiff bears the burden of establishing personal jurisdiction, FC Inv. Group LC v. IFX Markets, Ltd., 529 F.3d 1087, 1091 (D.C. Cir. 2008), and the requirements for personal jurisdiction "must be met as to each defendant." Rush v. Savchuk, 444 U.S. 320, 332 (1980). In deciding whether the plaintiff has shown a factual basis for personal jurisdiction over a defendant, the court resolves factual discrepancies in favor of the plaintiff. Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990). When personal jurisdiction is challenged, "the district judge has considerable procedural leeway in choosing a methodology for deciding the motion." 5B Charles A. Wright & Arthur R. Miller et al., Federal Practice and Procedure § 1351 (3d ed. 2004). The court may rest on the allegations in the pleadings, collect affidavits and other evidence, or even hold a hearing. Id.

## III.    Analysis

Defendants offer a number of arguments in support of dismissal, but the Court need only address the issue of personal jurisdiction, which they correctly claim is lacking here. Personal

jurisdiction may either be in the form of general or specific jurisdiction.  Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011).

The Due Process Clause permits general jurisdiction over a non-resident defendant who maintains sufficiently systematic and continuous contacts with the forum state, regardless of whether those contacts gave rise to the claim in the particular suit.  Helicopteros Nacionales de Colombia, S.A., v. Hall, 466 U.S. 408, 414–15 (1984).  Where a plaintiff can show one of "a limited set of affiliations with a forum," all of which are tantamount to a defendant's domicile, Daimler AG v. Bauman, 571 U.S. 117, 137 (2014), general jurisdiction is appropriate.  For corporations, general jurisdiction may be asserted if the forum is one in which the corporation is "fairly regarded as at home," id. (quoting Goodyear, 564 U.S. at 924), which has been defined as generally being either its "place of incorporation" or its "principal place of business."  Id.

Specific jurisdiction, conversely, permits a court to adjudicate "issues deriving from, or connected with, the very controversy that establishes [the] jurisdiction."  Goodyear, 564 U.S. at 919 (citation omitted).  To show specific jurisdiction, a plaintiff must meet the requirements of the Due Process Clause and that jurisdiction's long-arm statute.  D.C.'s long-arm statute enumerates the kinds of contacts with the District that are sufficient to bring a non-resident defendant into a D.C. court:

> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if [the defendant] regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
> (5) having an interest in, using, or possessing real property in the District of Columbia;

> (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or
> (7) marital or parent and child relationship in the District of Columbia . . . .

D.C. Code § 13-423(a) (2012).

In order to comport with due process, a nonresident defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Those guarantees are satisfied "if the defendant has 'purposefully directed' his activities at residents of the forum," Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (quoting Keeton v. Hustler Mag., Inc., 465 U.S. 770, 774 (1985)), and if "the litigation results from alleged injuries that 'arise out of or relate to' those activities." Id. (quoting Helicopteros, 466 U.S. at 414).

The filings demonstrate that neither type of jurisdiction exists here. Plaintiffs make no allegation in their Complaint or Opposition that any of these Defendants had any contacts — either related to this claim or otherwise — with the District of Columbia. They are thus out of luck.

**IV.     Conclusion**

Because the Court lacks personal jurisdiction over these Arkansas-based Defendants, the Court will grant their Motions to Dismiss. A separate Order consistent with this Memorandum Opinion shall issue this date.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  December 9, 2022